# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KERRY BEGAY, JR.

        Plaintiff,

vs.                                            No. CIV 22-0070 JB/GJF

SAN JUAN COUNTY ADULT DETENTION
CENTER; DELBERT THOMAS, Detention
Officer; JOSHUA SHOULTS, Detention
Officer; GARY COLEMAN, Detention Officer,
and GERARDO SILVA, Detention Officer,

Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Amended Civil Complaint, filed May 30, 2023 (Doc. 18)("Fifth Amended Complaint").  Plaintiff Kerry Begay, Jr. is incarcerated and proceeding pro se and in forma pauperis.  Begay filed the Fifth Amended Complaint to cure defects in his prior pleading, the Amended Criminal Complaint, filed December 23, 2022 (Doc. 15)("Fourth Amended Complaint").  The Court reviews the Fifth Amended Complaint pursuant to 28 U.S.C. § 1915(e).

## BACKGROUND

The Fourth Amended Complaint alleged that detention officers at the San Juan County Adult Detention Center in Farmington, New Mexico, slammed Begay's face into a concrete floor.  See Fourth Amended Complaint at 1.  Begay allegedly suffered broken teeth and injuries to his spine.  See Fourth Amended Complaint at 1-2.  The Fourth Amended Complaint sought criminal charges and "additional relief" against Defendants San Juan County Adult Detention Center, Delbert Thomas, Joshua Shoults, Gary Coleman, and Gerardo Silva.  Fourth Amended Complaint

at 1.

On May 10, 2023, the Honorable Gregory Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, directed Begay to amend his Fourth Amended Complaint to clarify several points. See Order Directing Amendment, filed May 10, 2023 (Doc. 17)("Amendment Order"). The Amendment Order advises that courts cannot impose criminal liability at the request of a private citizen and directs Begay to clarify whether he seeks relief under a civil theory. See Amendment Order at 1-2 (citing Diamond v. Charles, 476 U.S. 54, 64 (1986)("'[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)), and Kelly v. Rockefeller, 69 F. App'x 414, 415-16 (10th Cir. 2003)("[C]riminal statutes do not provide for private civil causes of action.")).[1]  The Amendment Order also directs Begay to "explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." Amendment Order at 2 (quoting Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d 1158, 1163

---

[1]Kelly v. Rockefeller is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored . . . . However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Kelly v. Rockefeller, Washington v. Correia, 546 F. App'x 786 (10th Cir. 2013), White v. Utah, 5 F. App'x 852 (10th Cir. 2001), and Aston v. Cunningham, No. 99-4156, 2000 WL 796086 (10th Cir. June 21, 2000) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

(10th Cir. 2007)).

## ANALYSIS

The Court reviews the Fifth Amended Complaint pursuant to 28 U.S.C. § 1915(e). Begay timely filed the Fifth Amended Complaint on May 30, 2023, with an Untitled Supplement Containing Exhibits. See Fifth Amended Complaint at 1; Untitled Supplement Containing Exhibits, filed May 30, 2023 (Doc. 19)("Supplement"). Construed liberally, the Fifth Amended Complaint raises civil claims under 42 U.S.C. § 1983 stemming from excessive force and a related disciplinary proceeding. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). Like the Fourth Amended Complaint, the Fifth Amended Complaint names San Juan County Adult Detention Center and Thomas, Shoults, Coleman, and Silva as Defendants. See Fourth Amended Complaint at 1; Fifth Amended Complaint at 1-2. In the Fifth Amended Complaint's section titled "Relief," Begay seeks three million dollars in damages. Fifth Amended Complaint at 6.

The claims against San Juan County Adult Detention Center do not survive initial review under 28 U.S.C. § 1915(e). See 28 U.S.C. § 1915(e)(2)(establishing that, when a plaintiff files a complaint in forma pauperis, courts must review the pleading and either direct the defendants to answer or dismiss the complaint without a response). "[A] detention facility is not a person or legally created entity capable of being sued" under 42 U.S.C. § 1983. White v. Utah, 5 F. App'x 852, 853 (10th Cir. 2001)(unpublished). See Apodaca v. N.M. Adult Prob. & Parole, 998 F. Supp. 2d 1160, 1190 (D.N.M. 2014)(Browning, J.)(applying § 1915(e)(2) in the § 1983 context and holding that "a detention center is not a suable entity in a § 1983 action"); Kristich v. Metro. Det. Ctr., No. CIV 15-1147 JB/LAM, 2016 WL 5387675, at *2 (D.N.M. September 2, 2016)(Browning, J.)("A detention facility is not an individual or legal entity capable of being sued and, therefore, is not a 'person' within the meaning of 42 U.S.C. § 1983." (citing Aston v.

Cunningham, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000)(unpublished table opinion))).   Accordingly, the Court dismisses with prejudice the claims against San Juan County Adult Detention Center pursuant to 28 U.S.C. § 1915(e)(2).

Next, the Court examines the claims against the other defendants.   As to Shoults, Coleman, and Silva, Begay alleges, among other things:

> On or about the 15th day of December 2021 . . . Officer Gary Coleman had plaintiff Mr. Begay in a headlock/chokehold.  [Mr. Begay experienced] compression of the neck, as officer Gerardo Silva restrained Mr. Begay['s] hands behind the back, while officer Joshua Shoults started application of force by striking Mr. Begay with a closed first to the left mid stomach, & left ribs sec[t]ion, while standing.  Mr. Begay fell to the ground from the assault, while on the ground officer Joshua Shoults continued the assault to the left ribs with a closed fist as officer Gerardo Silva restrained Mr. Begay to the ground, while the assault from Officer Shoults continued.  Officer Gary Coleman returned to the situation and started spraying Mr. Begay with pepper-gel.

Fifth Amended Complaint at 3-4.   Further, Begay alleges that Thomas improperly concealed or explained away the incident, because the detainees in Begay's cell block were "the Natives."   Fifth Amended Complaint at 3.

These allegations are sufficient to require the individual Defendants -- Thomas, Shoults, Coleman, and Silva -- to appear, and to defend, in this case.   The Court will require those Defendants to answer the Fifth Amended Complaint and has referred this case to Magistrate Judge Fouratt to: (i) conduct a Martinez investigation, if appropriate;[2] (ii) submit his PFRD; and

---

[2]A Martinez report is "a court-authorized investigation and report" used in pro se prisoner cases to evaluate the "factual or legal bases for [the] claims." Hall v. Bellmon, 935 F.2d at 1109 (citing Martinez v. Aaron, 570 F.2d 317, 318-19 (10th Cir. 1978)).  The Martinez report is used in a variety of procedural situations, most commonly in deciding an accompanying motion for summary judgment.  See Hall v. Bellmon, 935 F.2d at 1111 (stating that "[a] Martinez report is treated like an affidavit" and that a plaintiff may present conflicting evidence).  The Court has discretion to review the Martinez report and evidence before making a dispositive ruling.  See Hall v. Bellmon, 935 F.2d at 1111.  Most pro se prisoner cases are resolved on summary judgment in that manner, rather than via a motion to dismiss under rule 12(b)(6) of the Federal Rules of Civil Procedure.

(iii) enter non-dispositive orders.  <u>See</u> Order of Reference Relating to Prisoner Cases, entered February 13, 2023 (Doc. 6).  Courts ordinarily handle service for incarcerated plaintiffs, provided the plaintiffs obtain leave to proceed in forma pauperis.  <u>See</u> Fed. R. Civ. P. 4(c)(3).  The Court will direct the Clerk's Office to send Notice and Waiver of Service forms to the individual Defendants, <u>i.e.</u>, Thomas, Shoults, Coleman, and Silva.  If any Defendant receives the Notice but declines to waive service, the Court may impose costs pursuant to rule 4(d)(2) of the Federal Rules of Civil Procedure.  <u>See</u> Fed. R. Civ. P. 4(d)(2).  The Court may also require Begay to provide more information so that the Court can effectuate service, if any Defendant is unreachable.  <u>See</u> <u>Washington v. Correia</u>, 546 F. App'x 786, 789 (10th Cir. 2013)("[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service . . . even when the plaintiffs are in prison.").

**IT IS ORDERED** that: (i) all claims against Defendant San Juan County Adult Detention Center in the Plaintiff's Amended Civil Complaint, filed May 30, 2023 (Doc. 18), are dismissed with prejudice; (ii) the Clerk's Office shall issue Notice and Waiver of Service Forms, along with a copy of: (a) this Order, (b) the Plaintiff's Amended Civil Complaint, filed May 30, 2023 (Doc. 18), and (c) the Untitled Supplement Containing Exhibits, filed May 30, 2023 (Doc. 19), to Defendants Delbert Thomas, Joshua Shoults, Gary Coleman, and Gerardo Silva; and (iii) the Clerk's Office shall use the addresses listed on pages one through two of the Amended Civil Complaint, filed May 30, 2023 (Doc. 18).

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Kerry Begay
Farmington, New Mexico

     *Plaintiff pro se*