UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KERRY BEGAY,

    Plaintiff,

v.                                              Civ No. 22-70 JB/GJF

SAN JUAN COUNTY ADULT
DETENTION CENTER; DELBERT
THOMAS, Detention Officer; JOSHUA
SHOULTS, Detention Officer; GARY
COLEMAN, Detention Officer; and
GERARDO SILVA, Detention Officer,

    Defendants.

## ORDER TO FILE A *MARTINEZ* REPORT AND
## ORDER FOR SERVICE BY UNITED STATES MARSHALS

THIS MATTER is before the Court on a review of the record. On August 23, 2023, Defendants Detention Officers Shoults, Coleman, and Silva filed their Answer [ECF 22] to Plaintiff's Fifth Amended Complaint [ECF 18]. As discussed below, the Court will require Defendants to submit a *Martinez* report.[1]

### I. BACKGROUND

The Court's previous Memorandum Opinion and Order [ECF 20] summarizes Plaintiff's Fifth Amended Complaint and notes the need for a *Martinez* investigation:

> Construed liberally, the Fifth Amended Complaint raises civil claims under 42 U.S.C. § 1983 stemming from excessive force and a related disciplinary proceeding. . . .
> . . .

---

[1] "[A]ll claims against Defendant San Juan County Adult Detention Center in the Plaintiff's Amended Civil Complaint [were] dismissed with prejudice" by the presiding judge. ECF 20 at 5. In addition, although the Clerk's office issued notice and waiver of service forms to Defendant Thomas (to the same address, and at the same time, as the other detention officer Defendants), he has not yet answered or otherwise made an appearance. *See id.* The Court will thus order service on Defendant Thomas by the United States Marshals Service. Defendant Thomas will then be required to comply with the same *Martinez* report deadlines set forth in this order, absent a showing of good cause for an extension.

> As to [Defendants] Shoults, Coleman, and Silva, [Plaintiff] Begay alleges, among other things:
>
> "On or about the 15th day of December 2021 . . . Officer Gary Coleman had plaintiff Mr. Begay in a headlock/chokehold. [Mr. Begay experienced] compression of the neck, as officer Gerardo Silva restrained Mr. Begay['s] hands behind the back, while officer Joshua Shoults started application of force by striking Mr. Begay with a closed first to the left mid stomach, & left ribs sec[t]ion, while standing. Mr. Begay fell to the ground from the assault, while on the ground officer Joshua Shoults continued the assault to the left ribs with a closed fist as officer Gerardo Silva restrained Mr. Begay to the ground, while the assault from Officer Shoults continued. Officer Gary Coleman returned to the situation and started spraying Mr. Begay with pepper-gel."
>
> Further, Begay alleges that Thomas improperly concealed or explained away the incident, because the detainees in Begay's cell block were "the Natives."
>
> These allegations are sufficient to require the individual Defendants—Thomas, Shoults, Coleman, and Silva—to appear, and to defend, in this case. The Court will require those Defendants to answer the Fifth Amended Complaint and has referred this case to Magistrate Judge Fouratt to: (i) conduct a *Martinez* investigation, if appropriate; (ii) submit his PFRD [Proposed Findings and Recommended Disposition]; and (iii) enter non-dispositive orders.

ECF 20 at 3-5 (citations and footnote omitted).

The Court further observed that "Courts ordinarily handle service for incarcerated plaintiffs, provided the plaintiffs obtain leave to proceed in forma pauperis [which Begay did]." *Id.* at 5. Thus, the Court "direct[ed] the Clerk's Office to send Notice and Waiver of Service forms to the individual Defendants, i.e., Thomas, Shoults, Coleman, and Silva." *Id.* The Court also warned that "[i]f any Defendant receives the Notice but declines to waive service, the Court may impose costs pursuant to rule 4(d)(2) of the Federal Rules of Civil Procedure." *Id.*[2]

---

[2] The Court noted that it "may also require Begay to provide more information so that the Court can effectuate service, if any Defendant is unreachable." *Id.* at 5 (citing *Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. 2013) ("[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service . . . even when the plaintiffs are in prison.")).

2

**II.  DISCUSSION**

An investigation and Special Report are necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for any of Plaintiff's claims.  *See Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991); *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).  In a suit brought by a *pro se* prisoner, the Court may order defendants to investigate the incident or incidents underlying a plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether a meritorious claim exists.  *Id.* at 320; *see also, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).  A *Martinez* Report may be used in a variety of contexts, **including motions for summary judgment or a *sua sponte* entry of summary judgment**.  *See Hall*, 935 F.2d at 1109-12 (noting that a *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at ferreting out the "factual or legal bases for [the] claims"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence.").  When a *Martinez* Report is used for summary judgment purposes, however, a *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report.  *Hall*, 935 F.2d at 1109.  Accordingly, in addition to the information requested by the Court herein, Defendants should submit whatever materials they consider relevant to Plaintiff's claims and their defenses.  Plaintiff should do the same in his response.

Lastly, as Defendant Thomas appears to be reachable at the San Juan County Adult Detention Center, the Court will first attempt to effectuate service on Defendant Thomas at this location.  If the Marshals are unable to locate Defendant Thomas at this location, the Court may later require Begay to provide additional information on the whereabouts of this Defendant.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants shall, no later than **November 3, 2023**, file a *Martinez* Report in accordance with the following:

1. Defendants' *Martinez* Report must address **in a written brief** all of the allegations against each Defendant, as well as any defenses raised in their answer that they wish to pursue.  Defendants shall also include as attachments any affidavits or documents relevant to any allegation or defense.  The submission of documents without an accompanying brief will not be considered in compliance with this Order.

2. Allegations and defenses must be supported by factual assertions in the brief, which, in turn, must be supported by proof, such as affidavits or documents included as attachments.

3. The brief must also state whether policies or regulations pertaining to Plaintiff's allegations exist, and, if so, the relevant policies or regulations must also be included as attachments.

4. Copies of all affidavits and documents included as attachments should be arranged in a logical order and be Bates-stamped or otherwise be clearly serially marked.  Defendant must also provide affidavits to properly authenticate submitted documents.

5. The Court is aware that materials contained in corrections and law enforcement files may be sensitive and that there may be valid reasons for keeping such information secret.  As such, Defendants may move to seal confidential portions of documents submitted with the *Martinez* Report and provide a redacted version of the Report to Plaintiff.  If Defendants seek to seal or redact any portion of their Report, they must file a motion to seal at least fourteen (14) days before the *Martinez* Report filing and service deadline.  The motion to seal shall describe with specificity the type of documents Defendants wish to seal and shall assert the reasons for nondisclosure.

6. Should Defendants choose to file a motion for summary judgment based on the information contained with their *Martinez* Report, such a motion shall be filed (1) no later than **November 17, 2023**; (2) separate and apart from the Report; and (3) in compliance with the applicable federal and local rules of procedure, with the following caveat: rather than file attachments to a motion for summary judgment in support of the factual assertions therein, Defendants shall instead cite to the *Martinez* Report.[3]  Defendants must provide citations supporting their assertions

---

[3] Under the Local Rules, "exhibits to a motion, response or reply" are not to exceed a total of fifty (50) pages unless by agreement of the parties or with leave from the Court after the filing a motion. D.N.M.LR-Civ. 10.5.  Given that

4

with specificity. At the very least, Defendants should direct Plaintiff and the Court to the specific page or pages supporting an assertion.

7. The Court may strike any filing that fails to comply with this order.

**IT IS FURTHER ORDERED** that Plaintiff shall file and serve his response to the facts contained within Defendants' *Martinez* Report within thirty (30) days of its filing. Defendants need not file a reply to Plaintiff's Response to the *Martinez* Report.

**IT IS FURTHER ORDERED** that if Defendants file a motion for summary judgment, Plaintiff must file a separate response to that motion within thirty (30) days of its filing. Defendants shall file and serve their reply, if any, to a motion for summary judgment within fourteen (14) days of Plaintiff's response.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide the United States Marshals Service with summons and a copy of: (1) this Order [ECF 24]; (2) the Court's previous Memorandum Opinion and Order [ECF 20]; (3) Plaintiff's Fifth Amended Complaint [ECF 18] and (4) Plaintiff's supplemental exhibits [ECF 19]. The United States Marshals Service shall serve the summons and these four documents [ECFs 18, 19, 20, 24] on Defendant Delbert Thomas at the following address:

> Detention Officer Delbert Thomas
> San Juan County Adult Detention Center
> 871 Andrea Drive
> Farmington, NM 87401

**IT IS FINALLY ORDERED** that, absent a showing of good cause for an extension, Defendant Thomas shall comply with the same *Martinez* report deadlines set forth in this order.

---

the *Martinez* Report will essentially serve as the parties' exhibits to a summary judgment motion, response, and reply, should such filings be made, the Court hereby grants leave for the *Martinez* Report to exceed the exhibit page limit set forth in the Local Rules.

**SO ORDERED.**

                                                                                          _____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE