## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KERRY BEGAY,

       Plaintiff,

vs.                                         No. CIV. 22-0070 JB/GJF

DELBERT THOMAS, Detention Officer;
JOSHUA SHOULTS, Detention Officer;
GARY COLEMAN, Detention Officer; and
GERARDO SILVA, Detention Officer,

       Defendants.

### MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Defendants' Motion for Summary Judgment and Memorandum in Support, filed November 3, 2023 (Doc. 33)("Defendants' MSJ"); (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 10, 2024 (Doc. 40)("PFRD"); and (iii) the Plaintiff's Objection to Dismiss Plaintiff's Claims Motion for Reinstatment [sic] Show Cause, filed in duplicate on July 25, 2024 (Doc. 41), and July 26, 2024 (Doc. 42)("Objections").  The PFRD notifies the parties of their ability to file objections within fourteen days and that the failure to file objections waives appellate review.  See PFRD at 21.  The Court construes the Plaintiff's Objection to Dismiss Plaintiff's Claims Motion for Reinstatment [sic] Show Cause as his Objections to the PFRD.  After conducting this de novo review, the Court adopts the PFRD that the Honorable Gregory J. Fourratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, has proposed, overrules Plaintiff Kerry Begay's Objections, grants the Defendants' MSJ, and dismisses Begay's claims with prejudice.

**LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND
RECOMMENDATIONS**

District courts may refer dispositive motions to a Magistrate Judge for a recommended
disposition.  See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the
required proceedings when assigned, without the parties' consent, to hear a pretrial matter
dispositive of a claim or defense or a prisoner petition challenging the conditions of
confinement.").  Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within
14 days after being served with a copy of the recommended disposition, a party may serve and file
specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P.
72(b)(2).  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge
must determine de novo any part of the Magistrate Judge's disposition that has been properly
objected to.  The district judge may accept, reject, or modify the recommended disposition; receive
further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P.
72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made. A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge. The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention
on those issues -- factual and legal -- that are at the heart of the parties' dispute."  United States v.
One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents,
Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One
Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of
Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that

underlie the Magistrate's Act,[1] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing

Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638

F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit holds "that a party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the

policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s]

adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the

magistrate's findings or recommendations waives appellate review of both factual and legal

questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659

(10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's

attention on the factual and legal issues that are truly in dispute will advance the policies behind

the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in

objections, the Tenth Circuit states that "[i]ssues raised for the first time in objections to the

magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426

(10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In

this circuit, theories raised for the first time in objections to the magistrate judge's report are

deemed waived."). In an unpublished opinion, the Tenth Circuit states that "the district court

correctly held that [a plaintiff] had waived argument by failing to raise it before the magistrate."

Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

---

[1]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished
Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See
10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their

The Tenth Circuit also notes, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")).  In One Parcel, the Tenth Circuit notes that the district judge decided sua sponte to conduct a de novo review despite the objections' lack of specificity, but the Tenth Circuit holds that it deems the issues waived on appeal, because such actions would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elect to address merits despite the waiver rule's potential application, but Courts of Appeals opt to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing."  United States v. Raddatz, 447 U.S. 667, 674 (1980)("Raddatz").  The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation."  In re Griego,

---

persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citing In re Citation of Unpublished Opinions/Ords. & Judgments, 151 F.R.D. 470 (10th Cir. 1993)).  The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue and will assist the Court in its disposition of this Memorandum Opinion and Order.

64 F.3d 580, 583-84 (10th Cir. 1995).  The Supreme Court of the United States has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's PFRD. See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'")(quoting 28 U.S.C. § 636(b)(1))(emphasis in Bratcher).

Where no party objects to the Magistrate Judge's PFRD, the Court reviews, as a matter of course in the past and in the interests of justice, the Magistrate Judge's recommendations.  In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff fails to respond to the Magistrate Judge's PFRD, although the Court determines that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [PFRD]," the Court nevertheless conducts such a review. 2012 WL 6846401, at *3.  The Court generally does not, however, review the Magistrate Judge's PFRD de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate

Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously][3] contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3.

This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is at the bottom of the order adopting the Magistrate Judge's PFRD.

---

[3]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's PFRD whether the recommendation is "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, No. CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the recommendation to which there is no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein."); O'Neill v. Jaramillo, No. CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD." (citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., No. CIV 12- 0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion"). The Court contends that "contrary to law" does not reflect accurately the deferential standard of review that the Court intends to use when there is no objection. Concluding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required only when a party objects to the recommendations. The Court concludes that adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will review, as it has done for some time now, the Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

## ANALYSIS

Pursuant to rule 72(b) of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of the record and of all parts of the Magistrate Judge Fouratt's PFRD to which Begay properly has objected.  Begay's Objections lack a sound basis in the applicable law and relevant facts.  He asserts therein that his "Complaint to the Court" was "sen[t] and mailed out . . . in a matter timely well coinciding with law."  Objections at 1.  Although Magistrate Judge Fouratt's PFRD observes that Begay's June 17, 2024 "Amended Complaint" is untimely, Magistrate Judge Fouratt nevertheless considers the arguments therein, construing the filing as a response to Defendants' Motion for Summary Judgment.  PFRD at 1 n.2.  Having addressed Begay's claims on the merits rather than on procedural grounds, Magistrate Judge Fouratt concludes that the Defendants are entitled to qualified immunity and therefore recommends that the Court dismiss Begay's claims with prejudice.

On September 23, 2024, Begay filed Plaintiff Response (Doc. 44)("Plaintiff's Response"), which attempts to create factual disputes as to the "Undisputed Material Facts" in the Defendants' Motion for Summary Judgment.  See Plaintiff's Response at 1-9.  He does not, however, point to any evidence in the record that demonstrates a genuine issue of material fact exists that precludes summary judgment in the Defendants' favor.[4]  See Plaintiff's Response at 1-9.  Moreover, Begay does not offer any compelling legal argument to suggest that any Defendant is not entitled to qualified immunity with respect to either his racial discrimination claim or his excessive force claim.  See Plaintiff's Response at 1-9.  After conducting its de novo review, and having thoroughly considered the PFRD, Objections, the Defendants' Response to Motions for Reinstatement and

---

[4]The Plaintiff's Response is not sworn under penalty of perjury and, as such, cannot be treated as an affidavit. See Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991).

Show Cause, filed August 13, 2024 (Doc. 43), and the Plaintiff's Response, the Court sees no sound reason either in law or in fact to depart from Magistrate Judge Fouratt's recommended disposition.[5]

---

[5]Because Begay objects only to the PFRD's discussion of the timeliness of Begay's "Amended Complaint," the Court does not conduct de novo review regarding any other factual or legal findings. Objections at 1-2. See One Parcel, 73 F.3d at 1060 ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). The Court notes, however, that Begay alleges in his Complaint, in addition to his racial discrimination and excessive force claims, a due process violation stemming from his placement in restrictive housing and restraints. See Amended Complaint at 2, filed May 30, 2023 (Doc. 18)("Operative Complaint")(alleging violations of Begay's "Constitution [sic] Right, Fifth Amendment, Eight Amendment" based on Begay's "Controlled Housing Hearing Results"); Amended Complaint at 5, filed June 17, 2024 (Doc. 36)("Begay was deprived of due process in violation of the fifth and fourteenth Amendments of the United States Constitution and Article II section 18 of the New Mexico Constitution, By [sic] the defendants putting him in full restraints when he was already in solitary confindment [sic] and 100% secured"); Grissom v. Roberts, 902 F.3d 1162, 1169 (10th Cir.2018)(evaluating whether solitary confinement conditions violate the Fourteenth Amendment's Due Process clause); Blackmon v. Sutton, 734 F.3d 1237, 1240 (10th Cir. 2013)(evaluating whether the use of restraints on a pretrial detainee violates the Fourteenth Amendment's Due Process clause).

Begay is a pretrial detainee and not a convicted prisoner. See PFRD at 4 n.3. "Although the full scope of protection provided by the Due Process Clauses to pretrial detainees may be to some extent uncertain, the Supreme Court has been categorical in one respect: '[A] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.'" Colbruno v. Kessler, 928 F.3d 1155, 1162 (10th Cir. 2019)(quoting Bell v. Wolfish, 441 U.S. 520, 535, (1979))(brackets and emphasis in Colbruno v. Kessler, but not in Bell v. Wolfish). See Blackmon v. Sutton, 734 F.3d at 1241 ("[P]unishment is never constitutionally permissible for presumptively innocent individuals awaiting trial.")(emphasis in original). To determine where to "draw the line between what does and doesn't constitute 'punishment,'" the court first must consider "whether an 'expressed intent to punish on the part of the detention facility officials' exists.'" Blackmon v. Sutton, 734 F.3d at 1241 (quoting Bell v. Wolfish, 441 U.S. at 538). "If so, liability may attach." Blackmon v. Sutton, 734 F.3d at 1241. "If not, a plaintiff may still prove unconstitutional punishment by showing that the restriction in question bears no reasonable relationship to any legitimate governmental objective." Blackmon v. Sutton, 734 F.3d at 1241(citing Bell v. Wolfish, 441 U.S. at 539). Driving home the point and lowering the bar for pretrial detainees asserting due process violations, the Supreme Court clarifies:

> Bell's focus on "punishment" does not mean that proof of intent (or motive) to punish is required for a pretrial detainee to prevail on a claim that his due process rights were violated. Rather, as Bell itself shows (and as our later precedent affirms), a pretrial detainee can prevail by providing only objective evidence that

**IT IS ORDERED** that (i) the objections in the Plaintiff's Motion for Reinstatment [sic]

Show Cause, filed July 25, 2024 (Doc. 41); (ii) the objections in the Plaintiff's Plaintiff Response,

filed September 23, 2024 (Doc. 44), and are overruled; (iii) the Plaintiff's Objection to Dismiss

---

the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.

Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015).  Accordingly, the Defendants violate Begay's due process rights if their restrictive housing and restraining procedures are "not rationally related to a legitimate governmental objective or [are] excessive in relation to that purpose."  Kingsley v. Hendrickson, 576 U.S. at 398.

The PFRD notes that Begay was "independently disciplined by SJADC for his participation in the August 11, 2021 attack of Officer Thomas," and that, "[d]ue to concerns for officer safety and in accordance with SJADC procedures, [Begay] was placed in restrictive housing and in full restraints for 27 days."  PFRD at 11.  At this stage, the record is unclear how the Defendants restrained Begay during this twenty-seven-day period.  Begay, in possibly conflicting accounts, alleges both that he was "chained up when he leaves [his] cell in solutory [sic] confinement," Amended Complaint at 3, and "in full restraints when he was already in solitary confindment [sic] and 100% secured," Amended Complaint at 5.  The Defendants contend that Begay "was placed in restrictive housing and placed in full restraints while out of his cell for twenty-seven (27) days."  Martinez Report at 5, filed November 3, 2023 (Doc 32)("Martinez Report").  To support their contention that Begay was "placed in full restraints while out of his cell," the Defendants provide Begay's disciplinary records and housing history.  Begay's disciplinary records include a "Full Restraint Tracking" document that indicates Begay was placed on "full restraint protocol" on August 11, 2021, followed by "stage II" on August 25, 2021, "stage III" on September 1, 2021, and "off protocol" on September 8, 2021.  Disciplinary Records Related To August 11, 2021 Incident at 3 (dated August 11, 2021), filed November 3, 2023 (Doc. 32-10)("Disciplinary Records").  While the Defendants submit the SJADC Classification Policy and Procedures, the SJADC Racial Discrimination Policy, and the SJCADC Use of Force Policy and Procedures, they do not provide any documents or affidavit testimony regarding the facility's policies and procedures regarding restraints.  See Martinez Report at 3-4; Affidavit of Thomas Paul ¶¶ 12 at 2 (executed November 1, 2023), filed November 3, 2023 (Doc. 32-21)("Paul Aff.")("Kerry Begay was internally placed in restrictive housing and full restraints after the assault on Officer Thomas on August 11, 2021.  This procedure was in compliance the internal of [sic] the San Juan County Adult Detention Center and was not a result of any discrimination.").

Begay's Operative Complaint -- which raises concerns about how he was restrained, if at all, while inside the solitary confinement unit -- is not sworn.  See generally Operative Complaint at 1-6.  The Defendants have not provided enough evidence for the Court to determine how Begay was restrained in solitary confinement, if at all, during the twenty-seven-day period following the August 11, 2021, attack on Officer Thomas.  With no evidence either way, the Court cannot conclude, even if it were to conduct de novo review, that there are any genuine factual disputes regarding Begay's placement in restrictive housing and restraints.  Accordingly, there is no objection to the PFRD on this issue, and the Court cannot soundly say that there is clear error or, in fact, any error in the PFRD on this issue or any other issue.

Plaintiff's Claims Motion for Reinstatment [sic] Show Cause, filed July 26, 2024 (Doc. 42), is overruled; (iv) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 10, 2024 (Doc. 40), is adopted; (v) to the extent the Plaintiff's July 17, 2024 "Amended Complaint," filed June 17, 2024 (Doc. 36), seeks to amend his Complaint for a seventh time, leave to amend is denied as futile; (vi) the Defendants' Motion for Summary Judgment and Memorandum in Support, filed November 3, 2023 (Doc. 33), is granted; (vii) the Plaintiff's claims are dismissed with prejudice; and (viii) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Kerry Begay
Las Cruces, New Mexico

    *Plaintiff pro se*

Ronald J. Childress
Urvashi Parkhani

Albuquerque, New Mexico

    *Attorneys for Defendants*